UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STUART GRAY, an individual, | Case No. 3:12-cv-00611-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| SALAMON GROUP INC., a Nevada corporation, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Plaintiff Stuart Gray's Motion for Default Judgment. (Dkt. no. 14.) Plaintiff seeks a default judgment against Defendant Salamon Group Inc. For the reasons stated herein, Plaintiff's Motion is granted.

## II. RELEVANT BACKGROUND

The Complaint alleges that Plaintiff entered into a Services Agreement ("Agreement") with Defendant on March 2, 2012. (Dkt. no. 1.) Defendant is a Nevada corporation engaging in the business of acquiring and/or developing solar power electric generating projects. (*Id.*; Services Agreement, dkt. no. 15, Ex. A.) The Agreement required Plaintiff to provide consulting services for a period of one year in exchange for certain compensation, including cash compensation totaling $104,000.00 and shares of Defendant's stock equal in value to $100,000.00. (Dkt. no 15, Ex. A.) Plaintiff alleges that Defendant paid him the first payment of $2,000 for March, but failed to pay the remaining payment even though Plaintiff fully performed under the Agreement. Plaintiff

asserts claims for breach of contract, unjust enrichment and specific performance. (Dkt. no. 1.) In his Declaration submitted in support of the Motion, Plaintiff states that he seeks $202,000.00 in damages under the Agreement. (Dkt. no. 15.)

Service of the Summons and Complaint were timely and properly effectuated on Defendant's Resident Agent on November 20, 2012. (Dkt. no. 6.) Defendant failed to timely respond, which resulted in the Clerk's entry of default on January 23, 2013. (Dkt. no. 12.) To date, Defendant has not responded to the Complaint or Plaintiff's Motion or otherwise appeared to defend this action.

### III.   DISCUSSION

#### A.   Legal Standard

Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Nonetheless, although entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the

excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

### B. Analysis

As an initial matter, the Court finds that Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). The Clerk properly entered a default against Defendant pursuant to Fed. R. Civ. P. 55(a). (Dkt. no. 13.) The notice requirement of Rule 55(b)(2) is not implicated because Defendant has not answered or otherwise responded to the Complaint. Thus, there is no procedural impediment to entering a default judgment.

The Court further finds that the *Eitel* factors compel the granting of default judgment. Accepting Plaintiff's allegations as true and having reviewed Plaintiff's Declaration and the Agreement, the Court finds that Plaintiff states a valid claim for breach of contract. Plaintiff alleges he fully performed under the Agreement, but has not received the compensation package promised under the Agreement. He seeks default judgment in the amount of the cash payment and stock value totaling $202,000.00 as promised and owing to him. The potential prejudice to Plaintiff is great if Defendant is allowed to avoid appearing in this case and depriving Plaintiff of his contractual remedies. Thus, having considered the *Eitel* factors, the Court finds that default judgment is warranted.

### IV. CONCLUSION

It is ordered that Plaintiff's Motion for Default Judgment (dkt. no. 14) is granted. The Clerk of Court is directed to enter judgment against Defendant and in favor of Plaintiff in the amount of $202,000.00.

DATED THIS 23rd day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE